IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 03 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Jonathan B. Lester

V.

Ezell Brown, Brice Smith,
Selena Williams, Freeman Moody,
Sergeant Berry, Corporal Jordan,
Corporal Brown, Corporal Price,
Latoya Carr, Melvin Chambers,
Officer Hall, Fate Reed,
Officer McNeish, Officers Holmes,
Officer Rodgers, Officer Cobb,
Officer Cody, Officer Jenkins,
Markita Vaughn, Officer Brown,
Officer Smith, Newton County
Sheriff's Office, Homewav,
PayTel Inmate Communications
Integrity, Kimble's Food By
Design

Complaint for
Violation of
Civil Rights

Case No. 1:21-CV-3692

Jury Trial ☑ yes ☐ No

I. The Parties to This Complaint

  A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name      Jonathan Britt Lester

All other names by which you have been Known   None

ID Number      1004906

Current Institution      Newton County Sheriff's Office

Address      15151 Alcovy Rd

       Covington, GA 30014

  B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if Known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

(SEE ATTACHED)

Defendant No. 1

     Name      Ezell Brown

     Job or Title      Sheriff

     Shield Number

     Employer      Newton County Sheriff's Office

     Address      15151 Alcovy Rd

         Covington, GA 30014

       ☑ Individual capacity    ☐ Official capacity

2

Defendant No. 2

    Name        Brice Smith

    Job or Title     Captain

    Shield Number    9160

    Employer      Newton County Sheriff's Office

    Address       15151 Alcovy Rd

                   Covington, GA 30014

       ☒ Individual capacity

Defendant No. 3

    Name        Selena Williams

    Job or Title     Lieutenant

    Shield Number

    Employer      Newton County Sheriff's Office

    Address       15151 Alcovy Rd

                   Covington, GA 30014

       ☒ Individual capacity

Defendant No. 4

    Name        Freeman Moody

    Job or Title     Sergeant

    Shield Number    833

    Employer      Newton County Sheriff's Office

    Address       15151 Alcovy Rd

                   Covington, GA 30014

       ☒ Individual capacity

II. Basis for Jurisdiction

ATTACHED, I-B

The Defendants, continued:

Defendant No. 5
Officer Berry
Sergeant
#

Newton County Sheriff's Office
15151
Covington, GA 30014     ☒ Individual Capacity

Defendant No. 6
Officer Jordan
Corporal
#

Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014     ☒ Individual Capacity

Defendant No. 7
Officer Brown
Corporal
#

Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014     ☒ Individual Capacity

3(a)

ATTACHED, I-B

The Defendants, continued :

Defendant No. 8
Officer Price
Corporal
#9233
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014     ☑ Individual Capacity

Defendant No. 9
Latoya Carr
Corporal
#828
Newton County Sheriff's Office
15151 Alcovy Rd
Covington GA 30014     ☑ Individual Capacity

Defendant No. 10
Melvin Chambers
Corporal
#887
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014     ☑ Individual Capacity

3 (b)

ATTACHED, I-B

The Defendants, continued:

Defendant No. 11
Officer Hall
Jailer
#

Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑ Individual Capacity


Defendant No. 12
Fate Reed
Jailer / Inmate Services
#841
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑ Individual Capacity


Defendant No. 13
Officer McNeish
Jailer / Inmate Services
#9144
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑ Individual Capacity


3(c)

ATTACHED, I-B

The Defendants, continued:

Defendant No. 14
Officer Holmes
Jailer / Inmate Services
#

Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑ Individual Capacity

Defendant No. 15
Officer Rodgers
Jailer
#

Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑ Individual Capacity

Defendant No. 16
Officer Cobb
Jailer
#

Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑ Individual Capacity

3 (d)

ATTACHED, I-B

The Defendents, continued:

Defendant No. 17
Officer Cody
Jailer
#
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑Individual Capacity

Defendant No. 18
Officer JenKins
Jailer
#
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑Individual Capacity

Defendant No. 19
MarKita Vaughn
Jailer
#869
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014      ☑Individual Capacity

3(e)

ATTACHED, I-B

The Defendants, continued :

Defendant No. 20
Offier Brown
Jailer
#875
Newton County Sheriff's Office
15151 Alcovy Rd
Covington, GA 30014        ☑ Individual Capacity

Defendant No. 21
Officer Smith
Jailer
#
Newton County Sheriff's Office
15151 Alcovy Rd.
Covington, GA 30014        ☑ Individual Capacity

Defendant No. 22
Newton County Sheriff's Office
County Jail
15151 Alcovy Rd
Covington, GA 30014        ☑ Individual Capacity

3(F)

ATTACHED, I-B

The Defendants, continued:

Defendant No. 23
Homeway
Video Visitation Provider
Homeway
2020 Westpoint Center Dr.
St Louis, MO 63146      ☒ Individual Capacity

_____

Defendant No. 24
PayTel
Telephone Services for Inmates
PayTel Inmate Communications Integrity
P.O. Box 8179
Greensboro, NC 27419     ☒ Individual Capacity

_____

Defendant No. 25
Kimble's Food By Design
Commissary Vendor for Inmates
Kimble's Food By Design
607 Hines Street
LaGrange, GA 30241        ☒ Individual Capacity

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____ See Attached _____

_____

_____

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A _____

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____ See Attached _____

_____

_____

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☑ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

ATTACHED, II-B

• The right as a Pre-Trial Detainee to communicate with and visit with my loved ones whether or not they or I can afford to pay the mandatory cost of $0.50 email, or a $3.00 15-minute phone call, or a $4.50 15-minute video visit;

• The right to be protected from discrimination merely because I or my loved ones cannot afford to pay the mandatory fees;

• The right to be protected from extortion and exploitation;

• The right to exercise my religion, as protected by the First Amendment;

• The right to be protected from cruel and unusual punishment, under the Eighth Amendment;

• The right to send and receive mail;

• The right to due process and equal protection of the laws, under the Fourteenth Amendment;

• The right to eight hours of sleep per night;

• The right to at least five hours of out-of-cell recreation per week;

4 (a)

ATTACHED, II-B

• The right to a suitable grievance process, and the right to have those grievances addressed;

• The right to due process under the Fifth Amendment.

ATTACHED, II-D

• Beginning in March 2020, Sheriff Ezell Brown and the Newton County Sheriff's Office, in collusion with the Homeway corporation and PayTel, instituted a policy of extortion, exploitation, discrimination, and racketeering.

During the past fourteen months (with the exception of a period of time that lasted about eight weeks or less, during which time inmates were permitted/granted one free 15minute phone call per week on the PayTel phone), the only way Plaintiff has been able to communicate with or to see his loved ones has been if he or his loved ones pay the mandatory fees put in place, whether it be a $0.50 email on the jail's Kiosk, or a $3.00 15-minute call on the PayTel phone, or a $4.50 video visit on the Homeway device. No other means whatsoever has been provided whereby Plaintiff may communicate with and/or see his loved ones.

Other jails and state facilities are allowing inmates a free phone call and/or free visit every week. At Newton County Sheriff's Office, it's either "pay up" or nothing;

• For the past fourteen months Plaintiff has not been permitted to exercise his right to practice his religion. In March 2020, Sheriff Ezell Brown and the Newton County Sheriff's Office stopped allowing church Pastors into the jail to minister to inmates, due to COVID-19. That policy continues today. No means, however, has been provided, whether by video or otherwise, whereby inmates may attend church or even to congregate among themselves in order to pray together and

4(c)

ATTACHED, II-D

to encourage one another as they are exhorted to do, as Christians, in the Bible, in the Book of Hebrews, Chapter 10, verses 24-25.

When asked about church, jail staff replied anonymously on the Kiosk that it was not yet time to allow pastors to return— this, despite the fact that throughout the past seventeen months they have not even once stopped the commissary vendor from delivering commissary to each dorm every Monday, a process which takes several hours to complete.

Moreover, it has for years been an unwritten and cruel rule of the jail's that inmates in D-Unit, where Plaintiff is housed, are not permitted to walk or even to stand up while outside of their cells, so that Plaintiff is not allowed to pray with other inmates. All of the above is a violation of Plaintiff's right to exercise his freedom of religion, as guaranteed by the First Amendment of the U.S. Constitution;

• Ezell Brown, the Newton County Sheriff's office, Captain Brice Smith, Lieutenant Selena Williams, Sergeant Freeman Moody, Sergeant Berry, Corporal Jordan, Corporal Brown, Corporal Price, Corporal Latoya Carr, Corporal Melvin Chambers, Officers, Hall, Fate Reed, McNeish, Holmes, Rodgers, Cobb, Cody, Jenkins, Markita Vaughn, Brown, and Smith are tormenting and torturing inmates of D-Unit by "popping" the door locks electronically, as a means of "communicating" with the inmates, creating a noise as loud as a gun-shot and every bit as jarring. They "pop" the

4(d)

# ATTACHED, II-D

locks in a rapid staccato-like manner, often for as long as a full minute — just PoP! Pow! PoP-Pow! PoP-PoP-PoP-Pow!!! Plaintiff is suffering severely due to this inhumane treatment. Plaintiff's nerves are frayed. The noise produces an immediate excelleration of his heart-rate and a feeling of extreme anxiety ensues. Instead of telling inmates to sit down, or that they have a lawyer's visit, or to get ready for pill call, or to lock down, etc., etc., the officers "pop" the locks as though the inmates are cattle;

● Sheriff Ezell Brown, the Newton County Sheriff's Office and all of the Officers named in this suit are subjecting Plaintiff to the cruel treatment of forbidding him to walk or even to stand while he is out of his cell. Plaintiff is allowed outside his cell, generally, three times per day, for one hour each "rotation", to watch T.V., make phone calls or video visit, shower, or use the Kiosk. Except for court, or to go to medical or to the attorney's booth, these are the only times Plaintiff may leave his cell. However, at no time during the "rotation" is Plaintiff permitted to walk around or even to stand up. Plaintiff must be seated at all times, unless he is on the phone, the Kiosk, or in the shower, or the officers in the control booth will immediately turn off the T.V., turn off the phones, and begin "popping" the locks like a machine gun. If Plaintiff remains standing, he will be locked down and lose his hour out, or worse, he may be locked down for 72 hours and lose all of his privileges;

4(e)

ATTACHED, II-D

- Sheriff Ezell Brown, the Newton County Sheriff's Office, Officer Fate Reed, Officer McNeish, and Officer Holmes do not allow inmates of D-Unit to send out or receive their mail, except for one or two days of the week. The following is given as an example: On August 2nd, 3rd, 4th, 6th, 7th, 11th, 12th, 13th, 14th, 16th, 17th, 19th, 20th, 21st, 23rd, 24th, 25th of 2021, the mail was neither picked up from nor delivered to D-Unit, where Plaintiff is housed. A review of the cameras will reveal this to be true. Many grievances by many inmates have been filed, to no avail. When asked about mail, Officer McNeish becomes extremely hostile and verbally abusive; Officer Reed offers ridicule; and Officer Holmes says, "We bring the mail when we can". A letter was written by inmates of D-1 to His Honor Steve C. Jones, asking the Court to intervene and compel the jail to run the mail;

- The grievance process here at Newton County Sheriff's Office is grossly inadequate. Grievances are made electronically, on the Kiosk, and replies, if any, are generally done anonymously. Absolutely no issue has ever been resolved. Grievances are routed through Inmate Services, i.e. through Officers Fate Reed, McNeish, and Holmes. Often, the very officers grieved are the same ones replying to the grievance. Plaintiff has no recourse to his grievances, no chance for relief of any issue;

- Plaintiff is entitled to 8 hours sleep per night. Sheriff Ezell Brown, the Newton County Sheriff's Office, and all officers

4(f)

ATTACHED, II-D

named in this suit maintain a cruel policy of sleep deprivation,
aimed at the inmates of D-Unit, where Plaintiff is housed. At
5:00 am. or earlier each morning, the officers turn the lights on
in the cells and immediately begin "popping" the door locks like
a machine gun, and this treatment continues throughout the entire
day until 11:30 p.m. or later, when the lights go out. For the past
fourteen months Plaintiff has been made to suffer sleep deprivation;

• Plaintiff is entitled to more hours of out-of-cell recreation and
exercise than the two hours per week he is given by Sheriff Ezell
Brown and the Newton County Sheriff's Office. For the past
fourteen months Plaintiff has been allowed "outside" for one hour
only on Tuesday mornings and one hour on Tuesday afternoons;

• Sheriff Ezell Brown, and the Newton County Sheriff's Office,
in collusion with Kimble's Food By Design, are operating a scam
of exploitation, extortion, price-gouging, price-fixing, and price
discrimination. Without exception, every item for sale on the
inmates' commissary is exorbitantly priced. The mark-up is often
higher than 700% and never less than 150%. The following
examples are given:
   a) A Ramen Noodle soup which sells for 12-15 cents in the
      grocery store, is sold here for $1.09;
   b) A 1 (one) ounce bag of potato chips cost $1.02
   c) A five ounce Honey Bun costs $2.32
   d) 2 (two) Tylenol tablets cost $0.93

4(g)

ATTACHED, II-D

e) 2 (two) Advil tablets cost $1.08
f) A small roll of Tums costs $1.98
g) 6-2ct Cold Effervescent Alka Seltzer tablets cost $6.58
h) A 5 (five) ounce bag of chips costs $3.38
i) A small bag of chocolate peanuts costs over
   4 (four) dollars;
j) A small summer sausage as long as a finger
   costs $2.90
K) A small bar of Dove soap costs $3.38
L) A small bar of Dial soap costs $1.93

These same items are sold by the same vendor to other jails,
such as Rockdale County Jail, for half or less than half of the cost
here.

When Plaintiff receives his receipt, it does not have the name or
even the logo of the vendor (see receipt enclosed). Plaintiff is
being grossly exploited because of his lack of access to store goods.

This package
of salt costs
$0.02. Twenty
are sold for
$0.40.

This package
of pepper costs
$0.02. Twenty
are sold for
$0.40.

4 (h)

# IV.  Statement of Claim

A.  N/A


B. At the Newton County Sheriff's Office, beginning around July 2020, up to present.

C. July 2020 until present.


D. SEE ATTACHED

ATTACHED, IV-D

• For the past fourteen months Plaintiff has not been allowed to communicate with or see his loved ones unless he or his loved ones pay the mandatory extortionate fees put in place by Sheriff Ezell Brown, the Newton County Sheriff's office, the Homewav corporation, and PayTel. Taking advantage of the COVID-19 emergency, the above-named Defendants initiated a racketeering operation for their profit by not allowing Plaintiff or any inmates to communicate with or see loved ones unless the fees are paid. This illegal practice continues today;

• Plaintiff is being denied his right to exercise his freedom of religion, by Sheriff Ezell Brown and the Newton County Sheriff's Office. The Defendants stopped allowing Pastors into the jail, but have provided no means, whether by video or otherwise, whereby Plaintiff may attend church, and Plaintiff is not even allowed to stand and pray with other Christian inmates;

• Plaintiff is being tortured and tormented by the cruel practice of "lock-popping" permitted by Sheriff Ezell Brown and perpetrated by all officers named in this suit;

• Plaintiff is suffering under the cruel and oppressive policy instituted by Sheriff Ezell Brown, and enforced by all the officers named in this suit, that does not permit Plaintiff to walk or even to stand up when he is out of his cell;

5(a)

ATTACHED, IV-D

• Plaintiff's right to send and receive mail is being violated by Sheriff Ezell Brown, Officer Fate Reed, Officer Holmes, and Officer McNeish, in that mail is delivered to and picked up from D-Unit only once or twice per week;

• Plaintiff's right to grieve a wrong or wrongs and have them addressed is being violated by Sheriff Ezell Brown, Officers Fate Reed, McNeish, and Holmes, in that grievances are anonymously replied to, never corrected, and Plaintiff is not given the opportunity or option to appeal;

• Sheriff Ezell Brown and all of the officers named in this suit are depriving Plaintiff of the proper amount of sleep conducive to good health, by turning the cell lights fully on at 5:00am, or earlier and beginning the incessant "lock-popping" until 11:30 p.m. or later, when lights go out;

• Sheriff Ezell Brown and all the officers named in this suit are depriving Plaintiff the proper amount of recreation and/or exercise per week conducive to good health by allowing him two hours, only, outside per week;

• Plaintiff is being extorted and exploited and discriminated against by Sheriff Ezell Brown, the Newton County Sheriff's Office, and Kimble's Food by Design through the illegal practice of price-gouging, price-fixing, and price-discrimination.

V. Injuries
- Plaintiff is suffering emotionally and psychologically not being permitted to communicate with or see his loved ones unless he or they can pay the costs to Sheriff Ezell Brown, Homewav, and PayTel;

- Plaintiff is suffering emotionally, psychologically, and mentally due to the trauma of constant "lock-popping" done solely to torment and torture him;

SEE ATTACHED

VI. Relief

SEE ATTACHED

VII. Exhaustion of Administrative Remedies
Administrative Procedures

6

ATTACHED, V

Injuries, continued:

• Plaintiff is suffering mentally and physically due to sleep deprivation;

• Plaintiff suffers from not being permitted to exercise, or to walk or even to stand up outside his cell, and from lack of fresh air and sunshine — he suffers mentally and physically;

• Plaintiff suffers psychologically and mentally from the constant worry his mail will not be sent or received;

• Plaintiff suffers psychologically and mentally from the knowledge that his grievances will not be seen to;

• Plaintiff suffers from the knowledge that so many of his rights are being trampled upon with seeming impunity;

• Plaintiff suffers from not being protected by the laws;

• Plaintiff is suffering and depressed from being deprived of his right to exercise his religion;

• Plaintiff is suffering emotionally from being exploited and discriminated against;

6(a)

ATTACHED, V

Injuries, continued :

• Plaintiff suffers financially from the illegal commissary prices he has had to pay.

6 (b)

ATTACHED, VI

Relief:

• Plaintiff prays the Court will launch an investigation into the unlawful and cruel practices of Sheriff Ezell Brown, the Newton County Sheriff's Office, all of the officers named in this suit, along with Homewav and PayTel and Kimble's Food by Design, and bring criminal charges against all those named and found responsible for the abuse and violations of Plaintiff's rights;

• Plaintiff prays the Court award him money damages in the amount of $5,000,000.⁰⁰ (Five million dollars) as compensation for the following:

    a) For the violation of his rights to exercise freedom of religion, and the suffering endured from not being permitted to do so;

    b) for the unceasing torment and torture of "lock-popping" perpetrated by staff, which continues today;

    c) for not being permitted to send and receive mail;

    d) For being exploited and extorted and forced to pay money if he wants to communicate with and see his loved ones;

6(c)

ATTACHED, VI

Relief, continued:

e) for suffering as a victim of price-fixing, price-gouging, and price-discrimination;

f) for being denied equal protection of the law;

g) for being denied due process;

h) for being denied proper exercise and fresh air and sunshine;

i) for fourteen months of sleep deprivation;

j) for being denied a proper grievance procedure and the opportunity to have his grievances addressed and seen to.

C.(d)

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑   Yes

☐   No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Newton County Sheriff's Office

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑   Yes

☐   No

☐   Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐   Yes

☐   No

☑   Do not know

If yes, which claim(s)?

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑   Yes

☐   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐   Yes

☐   No

E.   If you did file a grievance:

1.   Where did you file the grievance?

On the Kiosk, in D-1, Newton County Sheriff's Office

2.   What did you claim in your grievance?

SEE ATTACHED

3.   What was the result, if any?

Not one thing ~~too~~ concerning these issues has resulted from a grievance.

SEE ATTACHED

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

I was not permitted to appeal any decision. The jail does not give me the option or the opportunity.

ATTACHED, VII - E, 2

- On August 12, 2021 and July, 28, 2021, Plaintiff grieved the violation of his right to exercise his religion;

- On January 14, 2021 and August 12, 2021 and August 22, 2021, Plaintiff grieved the cruel practice of "lock-popping;"

- On July 21, 2021 and August 25, 2021, Plaintiff grieved not being permitted to communicate with or see his loved ones unless he or his loved ones pay the fees put in place by Sheriff Ezell Brown, the Newton County Sheriff's office, Homewav and PayTel;

- On August 25, 2021, Plaintiff grieved the cruel no-standing-or-walking policy;

- On August 23, 2021 and August 24, 2021, Plaintiff grieved the cruelty of sleep deprivation and the lights being on from 5:00 a.m. or earlier until 11:30 p.m. or later;

- On July 21, 2021 and August 25, 2021, Plaintiff grieved the depriving of proper amount of recreation and/or exercise per week;

- On August 24, 2021, Plaintiff grieved the lack of passing out and picking up of inmates' mail;

- On August 06, 2021 and August 25, 2021, Plaintiff grieved the commissary's illegal practice of extortion, exploitation, price-gouging, price-fixing, and price-discrimination;

8(a)

Attached, VII - E.2

• On August 26, 2021, Plaintiff grieved concerning four of his previous grievances not being addressed;

• On August 27, 2021, Plaintiff grieved the reply of an officer to an earlier grievance made on August 25, 2021, since Plaintiff was not given the opportunity to appeal, concerning the extortion and exploitation of Pre-trial Detainees having to pay to talk or see his loved ones at all;

• On August 27, 2021, Plaintiff grieved the reply from an officer to an earlier grievance made on August 25, 2021, since Plaintiff was not given the opportunity to appeal, concerning the lack of outside and exercise time and the violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment.

8(b)

ATTACHED, VII - E.3

- On August 23, 2021, Plaintiff grieved the lights in the cell and how the regulation is 8 hours of sleep. Officer responded "Incorrect." Then on August 24, 2021, Plaintiff asked what was the correct regulation concerning sleep and received the response, "8 hours throughout the day." The lights still come on at 5:00 a.m. or earlier and stay on til 11:30 p.m. or later til this day;

- Plaintiff's grievances on July 14, 2021 and August 12, 2021 concerning the "lock-popping", received the response, "We will look into this matter" and "This will be addressed with her", with no follow up. The incessant "lock-popping" continues til this day;

- On July 21, 2021, Officer Holmes called Plaintiff out of the dorm into the Hallway alone to address Plaintiff's grievance. During the conversation, Officer Holmes said, "Why is it a problem now?", and at the end of conversation told Plaintiff that he would talk with other officers in charge, naming no particular officer. There was no response back until Plaintiff grieved on August 25, 2021 concerning the same issues and received response that would not lead to change. Part of the response included, "If you don't want to pay to talk to them, you can write them;"

- On August 10, 2021, Plaintiff's grievance, concerning the commissary's illegal practice of extortion, exploitation, price-gouging, price-fixing, and price-discrimination, received a response, "I will forward your concerns to the proper dept." After not receiving a response from the

8 (c)

ATTACHED, VII - E, 3

"proper dept.", Plaintiff inquired Farther on August 25, 2021, and asked who was the "proper dept." and when would he hear from the "proper dept." The same day Plaintiff received response Saying, "The store prices are submitted and approved by the facility. The prices are as is due to situations that are not of our control;"

8 (c) (1)

ATTACHED, VII – E, 3

• Plaintiff's grievance on August 27, 2021 concerning Pre-Trail Detainees not being allowed to communicate with his loved ones, without paying, received a response saying, "If you can not make store you can order an indigent pack on store." Newton County Sheriff's Office's store still charges $4.14 to your account, so you will be indebted to them for the "free" indigent pack;

• Plaintiff's grievance on August 27, 2021, concerning the inmates being deprived of the required outdoor and exercise and fresh air, and the violation of their right to be free from cruel and unusual punishment under the Eighth Amendment, received a response that included, "The Sheriff's office is not depriving no inmates of anything. No rights are being violated."

8(d)

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Plaintiff has many times begged Staff to stop the abusive and cruel practices here.

_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐   Yes

☑   No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

      ☐     Yes

      ☑     No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s)   _____

        Defendant(s)  _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.    Docket or index number

        _____

    4.    Name of Judge assigned to your case

        _____

    5.    Approximate date of filing lawsuit

        _____

    6.    Is the case still pending?

        ☐   Yes

        ☐   No

        If no, give the approximate date of disposition. _____

10

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

_____

_____

3. Docket or index number

_____

4. Name of Judge assigned to your case

_____

5. Approximate date of filing lawsuit

_____

6. Is the case still pending?

☐ Yes

☐ No

11

# IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my Knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to Keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        August 30, 2021

Signature of Plaintiff        Jonathan Lester

Print name of Plaintiff        Jonathan B. Lester

Prison Identification    # 1004906

Prison Address        15151 Alcovy Rd

Covington, GA 30014

17

**PACKING SLIP**

Picker #: MIRAC

Compartment: 1

1004906   LESTER , BRITT , JONATHAN

Delivery # **KF2108048777**

Ship-To Customer:  NEWTOGA0071

Order Date:   8/20/2021

Bag 1 of 1

Location: D-1  1051

| Code | Quantity | Product | | Price | Ext |
|------|----------|---------|---|-------|-----|
| 200410 | 1 | Mtn.Top Freeze Dried Coffee | | 4.95 | 4.95 |
| 249107 | 1 | Salt Packets (20 ct.) | | 0.40 | 0.40 |
| 244301 | 1 | Bendable Pen Blue Ink | | 1.04 | 1.04 |

**3 Items**

| | |
|---|---|
| **Start Balance:** | **$ 6.55** |
| **Resident Paid:** | **$ 6.39** |
| **Ending Balance** | **$ 0.16** |

By signing, I acknowledge that I have received the items checked off above. I authorize the deduction of funds from my account. I understand that all sales are final.

Resident : _____

Delivered by: _____        Date: _____